**UNITED STATES of America**
v.
**McDONOUGH CO. et al., Defendants.**
Crim. A. No. 7368.

United States District Court
S. D. Ohio, E. D.
Dec. 9, 1959.

Earl A. Jinkinson, Ralph McCareins, Attys., Department of Justice, Anti-Trust Division, Chicago, Ill., for the United States.

Byron E. Ford, James A. Gorrell, Columbus, Ohio, John H. Watson, Jr., John Ladd Dean, Cleveland, Ohio, Robert A. Taft, Jr., Murray Monroe, Cincinnati, Ohio, Richard L. Miller, Columbus, Ohio, Robert W. Murphy, Charles W. Houchins, Chicago, Ill., Robert H. Hoffman, Columbus, Ohio, for defendants.

UNDERWOOD, Chief Judge.

This cause came on to be considered upon the various motions pending herein on behalf of each of the individual defendants.

At the outset, the Court deems it necessary and appropriate to set forth some of the background of this case. An indictment was returned by the Grand Jury charging the five named corporations and four named individuals with a crime in violation of Section 1 of Title 15 of the United States Code. On February 17, 1959, the defendants were arraigned and all entered pleas of not guilty. On the same date, the Court granted leave to all defendants to file any and all motions to the indictment which they desired to file within the time agreed upon by counsel. Thereafter certain motions to strike matter from the indictment and/or to dismiss the indictment were filed. After extensive briefing and upon due consideration by the Court, said motions were overruled on July 14, 1959. On September 3, 1959, a notice of trial was issued by the Clerk at the direction of the Court assigning this matter for trial on October 5, 1959.

On October 5, 1959, this matter was called for trial. Each defendant then formally moved in open court for leave to withdraw his or its former plea of not guilty and to enter a plea of nolo contendere. The Court then heard all counsel extensively as to why such a plea should be accepted by the Court. During the course of the hearing on October 5, 1959, the Court stated several times that this Court was not inclined to accept nolo contendere pleas, and that this Court did not favor such pleas. At the conclusion of the hearing on October 5, 1959, the Court continued the trial date to October 13, 1959, and stated that the matter of acceptance of the tendered pleas would be taken under advisement and a decision would be announced at that time.

On October 13, 1959, at the outset the Court again stated that it did not favor pleas of nolo contendere, and that the paramount factor to be taken into consideration was whether or not the public interest would be better served by acceptance or rejection of these pleas. At that point, Government counsel stated that under the circumstances of this case "the Government deems it appropriate that the Court accept these pleas. Now, I assume that implicit in that is that no harm will be done to the public interest by the acceptance of the plea."

The Court then stated that "if the Government were of the opinion * * * that the public interest would be better served by rejection of these pleas and would so state, then the Court would reject the pleas. But, I do not so understand you." Government counsel replied, "That is right. We don't make such a statement."

The Court then accepted the pleas and before proceeding further inquired if all defendants were in court. Receiving an affirmative response, the Court then made this statement:

"Just one moment. I am quite sure that able counsel representing all of the defendants understand the effect of a plea of nolo contendere. For all purposes insofar as penalties are concerned it is in effect a plea of guilty before the Court. Do you so understand, in this particular case?"

There being no response, the Court then proceeded with the matter of sentencing. The Court heard Government counsel and was given certain recommendations as to punishment. The Court then heard all defense counsel and inquired whether all statements on behalf of the defendants were completed. There was no response. Government counsel were then heard in reply. The Court then inquired whether all statements were completed. Nothing further was offered. The Court adjourned to the following morning, October 14, 1959.

Until the case had reached this stage, there had been no indication that any of defense counsel or the defendants had any misunderstanding as to the nature and effect of the plea of nolo contendere. None of the defendants had made any claim that they were misled in any manner in making such a plea; nor had their counsel or any other person in their behalf made such a claim. The record prior to the moment that sentence was

imposed is replete with statements of counsel acknowledging that sentencing is a function belonging solely to the Court and that recommendations of the Government as to punishment are not in any sense binding upon the Court. At no time prior to imposition of sentencing had anyone indicated a misunderstanding as to the nature and effect of the plea of nolo contendere, the maximum penalties provided by Congress for the violation charged in the indictment in this case, or with regard to the recommendations of the Government as to punishment, although the Court had afforded everyone concerned ample opportunity to be heard.

The Court then imposed sentence following the Government's recommendations as to fines; and, in addition, imposed a jail sentence of ninety days upon each of the individual defendants. Defense counsel moved for stays of execution. The Court took said motions under consideration and remanded the defendants to the custody of the Marshal. The next day, October 15, 1959, the Court at hearing in open court granted stays of execution until November 16, 1959 at 12:00 o'clock noon. At that hearing for the first time, defense counsel seemed to be suggesting a misunderstanding as to the nature of the plea of nolo contendere and as to its effect. Statements were further made suggesting, notwithstanding declarations of counsel to the contrary made prior to sentencing, that the Court was bound in some way by the recommendations of the Government. The Court thereupon interrogated each of the defendants personally and individually. Each stated that he had no misunderstanding as to the possible punishment that might be imposed upon him as a result of the plea which he made to the indictment.

Thereafter, during the period that the stays of execution were in effect, various and sundry motions were filed on behalf of each of the defendants. These motions were assigned for hearing on the regular motion day provided for by the Rules of this Court, rule 7 and came on to be heard on that day, November 13, 1959. At the conclusion of that hearing additional motions were filed on behalf of some of the defendants. All of said motions were considered as submitted with leave granted to defense counsel to file in writing anything further that might be pertinent. These are the motions now pending before the Court for disposition. However, before the Court proceeds further with said motions, it is deemed appropriate and necessary to discuss briefly the nature and effect of a plea of nolo contendere in a criminal case since by suggestion, innuendo and by direct charge in one instance (not substantiated) defense counsel and others indirectly connected with this criminal proceeding have asserted a misunderstanding as to the nature and effect of the plea of nolo contendere, or that defendants were misled by Government counsel in some manner in offering such a plea.

■ First of all, it must be understood that any plea in a criminal case is only a means by which the Court arrives at its judgment in a particular case, that is, whether the person charged is to be adjudged convicted or acquitted. A defendant may be adjudged guilty and convicted by the Court upon his plea of not guilty if after trial a jury returns a verdict of guilty. Likewise, a defendant may be adjudged guilty and convicted upon his plea of guilty or upon his plea of nolo contendere.

■ The difference between cases submitted to the Court for its judgment on pleas of guilty or on pleas of nolo contendere is not in the effect or result of the respective pleas. The result is the same. The Court adjudges in both cases "that the defendant is guilty as charged and convicted." That was the judgment of the Court as to each defendant in the instant case as is reflected by the Court's orders filed herein on October 14, 1959.

■■ The only difference appears at the very moment the defendant enters

his plea. If he pleads guilty, he has made an express judicial confession in open court of the crime charged against him in the indictment. The Court is entitled to rely upon that confession in arriving at its judgment that the defendant be adjudged guilty as charged and convicted.

On the other hand if he pleads nolo contendere, he has not made an *express* judicial confession. *But,* he has made an *implied* judicial confession in open court of the crime charged against him. The Court is entitled, in fact required, to rely upon that implied confession in arriving at its judgment in the same manner and to the same extent as it does in cases involving guilty pleas. The judgment reached is the same, that is, that the defendant be adjudged guilty as charged and convicted. For all purposes in a criminal case following the very moment of the utterance of the plea, a plea of guilty and a plea of nolo contendere are equivalent and have the same effect. Guilt is admitted by the entry of either plea from the very moment of pleading and the adjudication of guilt and conviction follow as a matter of course. Having entered such a plea, a defendant cannot upon a motion in mitigation after sentence urge that he is without guilt. That equivalent punishment can be imposed upon either a plea of guilty or a plea of nolo contendere is not open to dispute; nor has dispute been raised herein as to this principle.

Now the Court comes to the various motions pending on behalf of each of the individual defendants. Since there are many, the Court will consider them in the order filed on behalf of each individual defendant and in the order that the defendants are charged as appears from the caption of the indictment in this case.

I. Motions of Defendant F. Bliss Winn

A. Motion in Arrest of Judgment

 Sentence was pronounced and judgment entered October 14, 1959.

This motion was filed thereafter on October 24, 1959. The Court having carefully considered the same, the brief in support thereof, and the arguments of counsel at oral hearing in open court on November 13, 1959, and being fully advised in the premises, finds that said motion is not well taken and should be and hereby is overruled for the following reasons.

(1) The Court is of the opinion that this motion, insofar as it is filed as a motion in arrest of judgment, is clearly out of time under Rule 34 and Rule 45(b) of the Federal Rules of Criminal Procedure, 18 U.S.C., and that therefore the Court is without jurisdiction to consider said motion.

(2) The Court is of the opinion that insofar as this motion might be considered by the Court under the terms of Rule 12(b) (2) of the Federal Rules of Criminal Procedure as counsel contends, it could only be considered as in the nature of a motion for rehearing or reconsideration of the former ruling of the Court upon defendant's motion to dismiss the indictment based upon identical grounds. Nothing substantially new or different having been presented, the Court will not reconsider its previous ruling.

(3) Finally, the Court is of the opinion that counsel's contention that this motion can be considered as a motion to vacate, set aside, or correct the sentence herein pursuant to Section 2255 of Title 28 U.S.Code, is not well taken. This statutory remedy is in the nature of habeas corpus and is available only to a prisoner in custody under sentence. Since this defendant was not in custody, but out on bond at the time the motion was filed, the motion was premature.

II. Motions of Defendant Robert R. Raymond

A. Motion in Arrest of Judgment

This motion is not well taken and should be and hereby is overruled for the reasons assigned in IA(1) (2) and (3), supra.

B. Motion to Withdraw Plea of Nolo Contendere and Enter Plea of Not Guilty

This motion has been withdrawn by defendant as is reflected by an entry filed herein on November 19, 1959.

C. Motion for Further Stay of Execution

█ Defendant has commenced service of his sentence and this motion is therefore moot.

### III. Motions of Defendant William G. Rector

A. Motion in Arrest of Judgment

This motion is not well taken and should be and hereby is overruled for the reasons assigned in IA(1) (2) and (3), supra.

B. Motion to Withdraw Plea of Nolo Contendere and Enter Plea of Not Guilty

This motion has been withdrawn by defendant as is reflected by an entry filed herein on November 19, 1959.

C. Motion for Further Stay of Execution

Defendant has commenced service of his sentence and this motion is therefore moot.

### IV. Motions of Defendant John T. Mains

█ A notice of death of this defendant while on bond having been filed with the Court, this criminal action as to him is by operation of law abated. All motions by, or on his behalf, are therefore moot.

█ As to the defendants Winn, Raymond and Rector, there remain pending before the Court certain Motions for Mitigation of Sentence. After sentence was imposed, counsel for defendants Winn and Mains asserted that to incarcerate them in accordance with the sentence of the Court "would endanger their lives." Certain medical affidavits were filed in support of that assertion. The Court then directed that complete medical and physical examinations of defendants Winn and Mains be conducted at the Federal Reformatory at Chillicothe, Ohio. The report of the examining physicians was that incarceration would not endanger the lives of these individuals.

The Court then directed that counsel for the Government ascertain which Federal institution would be designated by the Attorney General for service of these sentences, in the event the Court ordered them executed, and whether or not the designated institution had adequate medical staff and facilities to care for these defendants. The Court was advised that defendants would be sent to the Federal Correctional Institution, a minimum security rehabilitation center at Milan, Michigan, and that said institution maintained more than adequate medical personnel and facilities to meet the needs of this case.

The Court thereupon directed execution of the sentences imposed, and requested the Warden of the Federal Correctional Institution, Milan, Michigan to have his Chief Medical Officer and staff re-examine and report to the Court upon the physical condition of the defendant Winn upon receiving the defendants at his institution. Ruling upon the pending motions has been held in abeyance until submission of this report.

The report was received by the Court on December 7, 1959, and fully confirms the previous report of the Chillicothe medical staff that incarceration would not endanger this defendant's life. The findings of the medical staff at the Milan Institution as summarized by the Chief Medical Officer with regard to the defendant Winn are as follows:

"In my opinion incarceration for the period of his sentence (90 days) should in no way endanger his life insofar as I am able to determine from the symptoms and pathology which he now presents."

Therefore, the Court being fully advised in the premises finds that all pending Motions for Mitigation of Sentence are not well taken and should be and hereby are overruled.